UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

DARKLISS KEYES,

          Plaintiff,

      v.

EDWARD DALE JOHNSON,
WASHINGTON COUNTY LAND USE
AND TRANSPORTATION, and
WASHINGTON COUNTY,

          Defendants.

Case No. 3:15-CV-01987-AC

OPINION AND ORDER

---

ACOSTA, Magistrate Judge:

*Introduction*

Plaintiff Darkliss Keyes ("Keyes") filed this action against Edward Johnson ("Johnson"),

Washington County Land Use and Transportation ("LUT"), and Washington County ("County"),

alleging violations of state and federal law.  Currently before the court is a Motion to Dismiss and

Page 1 - OPINION & ORDER

for Judgment on the Pleadings filed by LUT and the County ("County Defendants") seeking to dismiss Keyes's Second Claim for Relief for municipal liability based on a failure to train and for judgment on the pleadings with regard to Keyes's' Third Claim for Relief for battery.[1]

The court finds Keyes has alleged a plausible claim for violation of the Eighth Amendment but fails to allege a seizure in support of her Fourth Amendment claim, deliberate indifference by the County Defendants in their failure to train, Johnson was motivated to serve the County Defendants in engaging in sexually-charged conduct, or such conduct was within his job duties. Accordingly, the court grants[2] the County Defendants' motion to dismiss Keyes's Second and Third Claims for Relief with leave to Keyes to amend her complaint.

*Background*

In April 2014, Keyes was performing community service in lieu of jail time on a DUII conviction. (Compl., ECF No. 1, ¶¶ 7, 8.) Johnson, employed as a Community Service Program Monitor for LUT, occasionally served as Keyes's supervisor while she completed her community service. (Compl. ¶ 9.) During the course of Keyes's community service, Johnson harassed Keyes by making lewd comments such as assigning her "homework" of bringing him sexually explicit photographs, calling her a "bad girl," and telling her he would teach her how to get a spanking. (Compl. ¶ 10, 15.) In addition, while stopped at a gas station in an LUT van driven by Johnson to transport Keyes and and other community service workers to-and-from work locations throughout

---

[1]Keyes also alleged a claim for abuse of a vulnerable person under OR. REV. STAT. 124.100(2) against the County Defendants in her Fifth Claim for Relief but conceded the dismissal of this claim at oral argument.

[2]The parties have consented to jurisdiction by magistrate judge in accordance with 28 U.S.C. § 636(c)(1).

the day, Johnson touched Keyes in the genital region as she entered the van. (Compl. ¶ 14, 15.) In January 2015, Johnson pleaded guilty to Class "A" misdemeanor harassment as a result of his conduct. (Compl. ¶ 17.)

*Legal Standard*

I. Motion to Dismiss

A well-pleaded complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2) (2015). A federal claimant is not required to detail all factual allegation; however, the complaint must provide "more than labels, conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* While the court must assume that all facts alleged in a complaint are true and view them in a light most favorable to the nonmoving party, it need not accept as true any legal conclusion set forth in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Additionally, a plaintiff must set fort a plausible claim for relief; a possible claim for relief will not suffice: "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678); *Sheppard v. David Evans and Assoc.*, No. 11-35164, 2012 WL 3983909, at *4 (9th Cir. Sept. 12, 2012) ("The Supreme Court has emphasized that analyzing the sufficiency of a complaint's allegations is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679)).

## II. Motion for Judgment on the Pleadings

A motion for judgment on the pleadings is governed by Rule 12(c), which states, "[a]fter the pleadings are closed – but early enough not to delay the trial – a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c) (2015). The purpose of a Rule 12(c) motion is to challenge the sufficiency of the opposing party's pleadings, and the court applies the same standard as a motion under Rule 12(b)(6). *Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012). Accordingly, judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir.1989). Although the court must assume as true all facts asserted in the pleading, it need not accept as true any legal conclusions set forth in the pleading. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (refining the approach, created in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), to determine sufficiency of pleadings under Rule 8 and related motions for dismissal). If matters outside the pleadings are considered, the motion shall be treated as one for summary judgment. FED. R. CIV. P. 12(d) (2015).

*Discussion*

## I. Motion to Dismiss

Keyes alleges Johnson violated her constitutional rights under the Fourth and Eighth Amendments to be free from excessive force and cruel and unusual punishment. She further alleges the County Defendants are liable for Johnson's deprivation of Keyes's constitutional rights based on a failure to train. The County Defendants argue Keyes has failed to adequately allege an underlying deprivation of a constitutional right by Johnson or a policy or practice sufficient to hold the County Defendants liable for Johnson's conduct.

Page 4 - OPINION & ORDER

A local government, or its officials acting in their official capacity, "can be liable under §

1983 for inadequate training of its employees." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

To establish the County Defendants are liable for their failure to train, Keyes must show: (1) she

"was deprived of a constitutional right;" (2) the municipality or its officials "had a training policy

that 'amounts to deliberate indifference to the [constitutional] rights of the persons with whom [its

employees] are likely to come into contact;'" and (3) her "constitutional injury would have been

avoided" had the municipality or its officials properly trained its employees. *Blankenhorn v. City

of Orange*. 485 F.3d 463, 484 (9th Cir. 2007) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 681

(9th Cir. 2001)).

### A. Deprivation of Constitutional Right

#### 1. Fourth Amendment

Keyes alleges Johnson violated the Fourth Amendment through his use of excessive force

coupled with an order "to complete the homework assignment of bringing indecent pictures to

Edward Johnson, in his capacity of community service supervisor." (Compl. ¶ 20.)  The County

Defendants argue Keyes has failed to allege the "seizure" required to allege a Fourth Amendment

violation.[3]

The Fourth Amendment guarantees "[t]he right of people to be secure in their persons,

---

[3]In a notice of additional authorities filed August 9, 2016, more than six months after their motion was fully briefed and just three day before oral argument on the motion, the County Defendants argue for the first time Keyes's § 1983 actions are deficient for failure to allege Johnson was acting under "color of law." (Defs.' Req. for Notice of Additional Authorities, ECF No. 23.) Generally, a party waives any argument raised for the first time in a reply brief. *U.S. ex. rel. Meyer v. Horizon Health Corp.*, 565 F.3d 1195, 1999 n.1 (9th Cir. 2009).  The court will not address this argument at this time but cautions Keyes to consider the County Defendants' argument when amending her complaint.

houses, papers, and effects, against unreasonable searches and seizures . . . ." U.S. Const. amend.

IV. "A person has been 'seized' within the meaning of the Fourth Amendment only if, in view of

all of the circumstances surrounding the incident, a reasonable person would have believed that he

was not free to leave." *United States v. Mendenhall*, 446 U.S. 544, 554 (1980). Examples of such

circumstances include "the threatening presence of several officers, the display of a weapon by an

officer, some physical touching of the person of the citizen, or the use of language or tone of voice

indicating that compliance with the officer's request might be compelled." *Id.* The mere touching,

however slight, of a person for the purpose of seizing them may be sufficient. *California v. Hodari

D.*, 499 U.S. 621, 625 (1991).

The only allegation of contact between Keyes and Johnson is the Johnson's use of one hand

to grab Keyes's vaginal area, thighs, and buttocks from behind as Keyes reached into the van. Even

assuming Keyes felt she did have the right to leave, which she has failed to allege, she must go

further and allege facts which lead a reasonable person to believe they did not have the right to leave.

Keyes has not stated a valid claim for relief for violation of her Fourth Amendment rights.

2. Eighth Amendment – Excessive Force

In support of her claim for excessive force under the Eighth Amendment, Keyes alleges only

that Johnson's "actions constituted excessive and unnecessary force" and Johnson "acted maliciously

and sadistically for the purpose of causing harm." (Compl. ¶¶ 35, 36.) The County Defendants

argue "the Eighth Amendment extends only inmates and pretrial detainees during confinement."

(Mot. to Dismiss and for J. on the Pleadings, ECF No. 8, at 3.) According to County Defendants,

Keyes, who was a participant in a community service program at the time of her injuries, is not

entitled to Eighth Amendment protection.

Page 6 - OPINION & ORDER

"The Eighth Amendment prohibits cruel and unusual punishment in penal institutions. *Wood v. Beauclair*, 692 F.3d 1041, 1045 (9th Cir. 2012). The status of the individual alleging cruel and unusual punishment determines the proper vehicle for addressing such claims. The claims of convicted prisoners are considered under the Eighth Amendment, while those of detainees, or juveniles, who have yet to be convicted are considered under Fourteenth Amendment. *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1440-1443 (9th Cir. 1991)(court considered level of improper conduct required to establish insufficient protection of pretrial detainee under Fourteenth Amendment); *Gary H. v. Hegstrom*, 831 F.2d 1430, 1432 (9th Cir. 1987)(Fourteenth Amendment applied to cruel and unusual punishment claims filed by adolescent wards of juvenile facility who were not convicted of a crime). Keyes alleges she was convicted of a DUII, which led to her community service. Consequently, Keyes should be entitled to pursue her cruel and unusual punishment claim under the Eighth Amendment.

This conclusion is supported by the original design of the Eighth Amendment, which was, in part, to limit the kinds of punishment that can be imposed on those convicted of crimes. *Ingraham v. Wright*, 430 U.S. 651, 667 (1977). Keyes alleges she was performing her community service as a punishment for her DUII conviction and that she was sexually assaulted while performing such community service by her assigned supervisor. Moreover, the Oregon legislature includes within the definition of "inmate" an individual "who performs community service pursuant to ORS 137.128, whether or not the person is incarcerated," at least for the purposes of workers compensation coverage. OR. REV. STAT. 656.041(1)(b). Finally, Judge Mosman of this district briefly considered similar arguments to those currently before the court, rejected the defendant's argument the plaintiff was not entitled to Eighth Amendment protection because he was not

physically incarcerated, and found, for the purposes of the motion before him, the Eighth

Amendment applied to claims arising from injuries sustained by an individual while performing

community service. *Sussan v. Polk Cty., Oregon*, No. 3:13-cv-01599-MO, 2014 WL 657108, *4 (D.

Or. Feb. 18, 2014). Similarly, the Sixth Circuit affirmed a district's court finding that a convicted

person, though not actually incarcerated, enjoys the protection of the Eighth Amendment, stating

"[t]he district court properly concluded that Little's claim feel within the jurisprudence developed

around the Eight Amendment right to be free from cruel and unusual punishment." *Little v. Wylie*,

205 F.3d 1340, *2 (6th Cir. 2000).

The court acknowledges a split of authority on this issue. *See Christensen v. Nelson*, No.

CIV 08-4122, 2010 WL 562883, *5 (D.S.D. Feb. 17, 2010)(court dismissed Eighth Amendment

claim challenging conditions of community service); *Koch v. Wade*, No. C 15-03895 BLF (PR),

2015 U.S. Dist LEXIS 145147, *3 (N.D. Cal. Oct. 23, 2015) (plaintiff failed to "show that the Eighth

Amendment imposes a duty on probation officers to provide humane conditions for those out on

probation."). Nevertheless, the court is convinced based on the discussion set forth above, the proper

conclusion is that a individual who has been convicted and is participating in community service as

part of, or in lieu of, incarceration is entitled to Eighth Amendment protection for the conditions of,

and injuries resulting from, such community service.

Keyes, as a convicted individual engaging in community service in lieu of jail, is entitled to

protection under the Eighth Amendment. The County Defendants additionally argue Johnson's

actions are not the type of conduct needed to support an Eighth Amendment claim. To the contrary,

"[s]exual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth

Amendment." *Wood*, 692 F.3d 1046. The County Defendants' motion to dismiss Keyes's Eighth

Amendment claim is denied.

### B. Deliberate Indifference

The County Defendants argue Keyes's allegations with regard to their liability are insufficient. Specifically, the County Defendants assert Keyes has failed to allege facts sufficient to support a finding of deliberate indifference by the County Defendants.

Deliberate indifference must be shown by a "'conscious' or 'deliberate' choice on the part of a municipality in order to prevail on a failure to train claim." *E.G. v. Maldonado*, Case No,: 5:14-CV-01053-LHK, 2014 WL 5472654, at *8 (quoting *Flores v. Cty. of Los Angeles.*, 758 F.3d 1154, 1158 (9th Cir. 2014)). "A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." *Id.* (quoting *Connick v. Thompson*, 563 U.S. 51, 62 (2011)). However, "in a narrow range of circumstances, a pattern of similar violations might not be necessary to show deliberate indifference." *Connick*, 563 U.S. at 63. This "narrow range of circumstances" may exist only when "in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *Canton*, 489 U.S. at 390.

The Supreme Court hypothesized an example where a municipality "arms its police force with firearms and deploys the armed officers into the public to capture fleeing felons without training the officers in the constitutional limitation on the use of deadly force." *Canton*, 489 U.S. at 390. Through this example, the Court "sought not to foreclose the possibility, however rare, that the unconstitutional consequences of failing to train could be so patently obvious that a city could be

liable under § 1983 without proof of a preexisting pattern of violations." *Connick* 563 U.S. at 64.

However, if "proper behavior is so obvious *without* any training, the failure to train does not support

a finding of deliberate indifference." *Lepe*, 2014 WL 5472654, at *9 (italics in original).

Keyes alleges no facts establishing a pattern of injury among those performing community

service under the supervision of the County Defendants. Further, Keyes does not allege a pattern

related to Johnson as an individual. There are no allegations Johnson had been the subject of

previous harassment complaints placing the County Defendants on notice of the deficiency of its

training. In fact, Keyes's allegation of failure to train is vague, making it difficult to discern what

training the County Defendants should have implemented. Furthermore, the complaint does not

contain allegations to support a reasonable inference Johnson's alleged conduct comes within the

"narrow range of circumstances" eliminating the need for a pattern of injury. Thus, in the absence

of an allegation of an official policy promoting or an alleged pattern of harassing conduct, or

allegations that fall within that "narrow range of circumstances," Keyes has failed to adequately

plead her failure to train claim.

II.  Judgment on the Pleadings

Keyes's Third Claims for Relief allege a state law claim of battery against Johnson and the

County Defendants. To establish the County Defendants are vicariously liable on this claim, Keyes

must allege facts which, if taken as true, establish Johnson acted in the course and scope of his

employment as a Community Service Supervisor when he engaged in the alleged sexually charged

conduct.

The Oregon Supreme Court has enumerated three requirements for an employer's vicarious

liability: (1) the conduct must have been within the time and space authorized by the employment;

(2) the employee must have been motivated, at least in part, by a purpose to serve the employer; and

(3) the act must be of a kind which the employer hired the employee to perform. *Chesterman v. Barmon*, 305 Or. 439, 442 (1988). Keyes's allegations satisfy the first element, that the act occurred within the time and space authorized by Johnson's employment. Thus, the court analyzes Keyes's allegations regarding the other two elements.

### A. Motivated to Serve Employer

The Oregon Court of Appeals has held that, as a matter of law, sexual contact could not be considered an action taken in the course and scope of an employee's employment or in the performance of an employee's duties. *Johnson v. State Bd. of Higher Educ.*, 272 Or. App. 710, 718 (2015). In *Johnson*, the court found a university not vicariously liable for its employee's alleged rape of a fellow employee while at an academic conference. *Id.* The court applied the *Chesterman* test and concluded "there is no evidence that Davis, in engaging in sexual conduct with plaintiff, was motivated by a purpose to serve [his employer]." *Id.* It is not sufficient to show the employment "merely 'brought the tortfeasor and the victim together in time and place and, therefore, gave the torfeasor the opportunity to commit the assault.'" *Id.* (quoting *Fearing v. Bucher*, 328 Or. 367, 377 (1999)).

Here, Keyes's allegations are insufficient to show Johnson was motivated to serve the County Defendants' when he engaged in the sexually-charged conduct. Telling Keyes to bring him sexually explicit photographs of herself, referring to Keyes as a "bad girl," suggesting he would spank her, and touching Keyes near her genitals, as alleged, discloses no purpose that would serve Washington County or its Community Service Program. Accordingly, Keyes fails to adequately plead this element.

*B. Hired to Perform Type of Act*

The final requirement for vicarious liability is to plausibly allege the act committed is of a kind which the employee was hired to perform. Keyes has failed to satisfy this requirement. Nothing in the complaint supports a reasonable inference the County Defendants hired Johnson to engage in any of the conduct Keyes alleged he committed. Accordingly, Keyes has failed to adequately plead this element as well.

III. Leave to Amend

Amendments to pleadings are governed by Rule 15(a), which provides: "A party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a) (2015). The court recognizes leave to amend should be granted with "extreme liberality." *Eminence Capital, LLC. v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir.2003). The Ninth Circuit recognizes a number of factors may bear on whether to grant leave to amend, such as prejudice to the non-moving party, bad faith by the moving party, and whether the amendment would be futile. *Bowles v. Reade*, 198 F.3d 752, 757-58 (9th Cir.1999).

This court has found Keyes failed to allege sufficient facts to establish a constitutional violation of her Fourth Amendment rights, deliberate indifference on behalf of the County Defendants in support of her failure to train claim, or the requisite motivation and job duty required to hold the County Defendants vicariously liable for Johnson alleged violation of state law. On the current record, however, the court cannot say Keyes is unable to amend her complaint to state plausible claims under these theories. Accordingly, the court grants Keyes leave to amend her complaint to remedy the deficiencies noted in this opinion.

*Conclusion*

For the reasons stated above, the County Defendants' motion (ECF No. 8) to dismiss and for

judgment on the pleadings is GRANTED, with leave to Keyes to amend her complaint.

DATED this 19th day of August, 2016.


_____
JOHN V. ACOSTA
United States Magistrate Judge

Page 13 - OPINION & ORDER